MATTER OF C—M—

In DEPORTATION Proceedings

A-12637405

*Decided by Board September 28, 1961*

Conviction—Juvenile offender under California law.

Under California law there is no mandatory requirement that a minor under 18 years of age shall be tried in a juvenile court. Where the record establishes that in 1960 respondent was tried and convicted in the Superior Court of California for the offense of kidnapping, committed prior to his 18th birthday, his "conviction" precludes his establishing good moral character under section 101(f)(3) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry, no immigration visa.

### BEFORE THE BOARD

**DISCUSSION**: The respondent appeals from an order entered by the special inquiry officer July 12, 1961, directing his deportation as an alien excludable at the time of entry in that he did not possess an immigration visa (8 U.S.C. 1251(a)(1); section 13(a) of the Act of May 26, 1924). Deportability on the stated charge is conceded. Exceptions have been taken to the finding that the respondent is statutorily ineligible for discretionary relief in that he is precluded from establishing his good moral character under the provisions of section 101(f)(3) of the Immigration and Nationality Act (8 U.S.C. 1101(f)(3)).

The record relates to a national and native of Mexico, male, unmarried, 18 years of age, who last entered the United States through the port of San Ysidro, California, on July 28, 1947. He was 4 years of age and accompanied his citizen mother. The citizen mother testified that 3 of her minor alien children were permitted to enter without documents with the understanding that their immigration status would be adjusted at a later date. The evidence of record affirmatively establishes the respondent's deportability on the charge stated in the order to show cause.

487

The respondent has applied for voluntary departure in lieu of deportation. The special inquiry officer has denied the respondent's application on the ground that he is precluded from establishing good moral character under the provisions of section 101(f)(3) of the Immigration and Nationality Act in that he was convicted of a crime involving moral turpitude on November 25, 1960, to wit, kidnapping. The record establishes that the respondent, born on November 7, 1942, was 17 years of age at the time the offense was committed on August 20, 1960. He was committed to the California Youth Authority and was released on parole on March 29, 1961.

Counsel takes no issue with the finding that the offense of kidnapping, as defined by the California Penal Code, involves moral turpitude. He does take issue with the finding that under the law of California the respondent has been convicted of a criminal offense. Counsel urges that since the respondent was under the age of 18 years at the time the offense was committed he was subject to sections 825, 826 and 833 [1] of the Welfare and Institutions Code of the State of California, and that proceedings under these sections are not criminal.

We agree with the special inquiry officer that "the case is an appealing one for the grant of the discretion requested." We find no authority, however, for counsel's claim that the respondent was convicted in the instant case as a juvenile offender. The record establishes that the respondent was convicted in the Superior Court of the State of California in and for the County of Santa Clara. The judgment of conviction states, *inter alia*, that the respondent was 18 years of age when apprehended on November 21, 1960.

The California statutes here under consideration (see Appendix) are not mandatory since they provide, in substance, that a defendant under the age of 18 years at the time the offense is committed may be tried by a Superior Court, unless his age "is suggested or appears to the judge" to be under 18 years. The California courts have held that it is not a jurisdictional requirement of the statutes that a minor under 18 years of age shall be tried in a juvenile court. *People* v. *Luzovich*, 16 P.2d 144, 145; 127 Cal. 465, Nov. 14, 1932. We find no merit to counsel's argument that the proceedings against the respondent in the Superior Court of California should be regarded as one of a noncriminal nature. The appeal will be dismissed.

ORDER: It is directed that the appeal be and the same is hereby dismissed.

---

[1] Sections 825, 826 and 833 of the Welfare and Institutions Code of the State of California are set forth in the Appendix, attached to this opinion.

488

## APPENDIX

### The Welfare and Institutions Code of the State of California:

*Section 825.* No court shall have jurisdiction to try the case of any person under the age of 18 years at the time of the alleged commission of a public offense or crime unless the matter has first been submitted to the juvenile court by petition as provided in Article 7 of this chapter, or by certificate of any other court as provided in this Article, and said juvenile court has made an order therein directing that such person be prosecuted under the general law.

*Section 826.* Whenever a deposition, complaint, indictment or information is filed in any court charging a person with a crime, and *it is suggested or appears to the judge, justice or recorder before whom such person is brought that the person charged was, at the date the offense is charged to have been committed, under the age of 18 years*, such judge, justice or recorder shall immediately suspend all proceedings against such person on said charge. He shall examine into the age of such person, and if, from such examination, it appears to his satisfaction that such person was at the date the offense was alleged to have been committed under the age of 18 years he shall forthwith certify it to the juvenile court of the county * * *.

*Section 833.* Whenever a person is accused of crime in the Superior Court by indictment or information, and *it is suggested or appears to the Court* that the person was under the age of 18 years at the time the offense is alleged to have been committed, the Court shall suspend the proceedings on the charge and shall recess as a criminal court and reconvene as a juvenile court. If there are two or more judges in the same Superior Court, and the action is brought before a judge other than a juvenile court judge, the case shall be transferred from the department in which it is to the department of a juvenile court judge. The juvenile court shall hear and dispose of the case in the same manner and with the same powers as if the case had been transferred thereto from a court other than the Superior Court.

489