United States Court of Appeals,

Fifth Circuit.

No. 95-60022.

Jorge M. HAMDAN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Oct. 25, 1996.

Petition for Review of an Order of the Board of Immigration Appeals.

Before POLITZ, Chief Judge, and DeMOSS and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

JORGE M. HAMDAN ("HAMDAN"), a citizen of Nicaragua, entered the United States as a lawful permanent resident. HAMDAN petitions this court for review of the Board of Immigration Appeals' ("BIA") determination that the appellant is deportable because he was convicted of two crimes involving moral turpitude pursuant to 8 U.S.C. § 1251(a)(2)(A)(ii). HAMDAN claims that the BIA erred in finding that his conviction under the Louisiana simple kidnapping statute constitutes a "crime involving moral turpitude" ("CIMT") for purposes of United States immigration laws.

PROCEDURAL HISTORY

On August 17, 1988, the Immigration and Naturalization Service ("INS") issued an order to show cause against Hamdan, charging him with deportability for the conviction of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. The convictions considered by the INS were petitioner's March 22, 1985, conviction for indecent behavior with a juvenile and his May 20, 1987, conviction on two counts of attempted simple kidnapping, the latter of which resulted in a concurrent 2-year sentence. Hamdan did not dispute that his 1985 conviction was a CIMT, but argued that his 1987 conviction record did not support a finding of moral turpitude. In his oral decision on October 24, 1990, the immigration judge ("IJ") found that both convictions were CIMTs and denied petitioner's applications for asylum and withholding of deportation. The IJ also denied Hamdan's request for voluntary departure, ordering him to be deported. In its January

5, 1995, order the BIA dismissed Hamdan's appeal of the IJ's order. Hamdan petitions for review of the BIA's order.

## STANDARD OF REVIEW

In reviewing the decision of an administrative agency, we accord substantial deference to the agency's interpretations of the statutes and regulations it administers. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 448, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987). We must uphold the BIA's determination of what conduct constitutes moral turpitude for purposes of deportation if it is reasonable. *Iredia v. INS,* 981 F.2d 847, 848 (5th Cir.), *cert. denied,* 510 U.S. 872, 114 S.Ct. 203, 126 L.Ed.2d 160 (1993). However, a determination that the elements of a crime constitute moral turpitude for purposes of deportation pursuant to Section 1251(a)(2)(A)(i) is a question of law, which we review de novo. *INS v. Cardozo-Fonseca,* 480 U.S. 421, 447-48, 107 S.Ct. 1207, 1221, 94 L.Ed.2d 434 (1987); *Cabral v. INS,* 15 F.3d 193, 196 n. 5 (1st Cir.1994).

We accord deference to the BIA's interpretation of questions such as those before us here, applying a two-prong standard of review, as we said in *Animashaun v. INS:*

> We first consider the legal standard under which the INS should make the particular deportability decision. If the governing statute does not speak clearly to the question at hand, this court has applied the standard announced in *Chevron, U.S.A. Inc. v. National Resources Defense Counsel, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and upheld agency interpretations of ambiguous law when that interpretation is reasonable. *Id.* After determining the controlling legal standard, we will next examine the Board's findings under the substantial evidence test to determine whether the legal standard has been satisfied. *Rojas v. INS,* 937 F.2d 186, 189 (5th Cir.1991). The substantial evidence standard requires only that the Board's conclusion be based upon the evidence presented and that it be substantially reasonable. *Silwany-Rodriguez v. INS,* 975 F.2d 1157, 1160 (5th Cir.1992).

*Animashaun v. INS,* 990 F.2d 234, 237 (5th Cir.1993). *See also Carbajal-Gonzalez v. INS,* 78 F.3d 194 (5th Cir.1996).

## DISCUSSION

Hamdan was found deportable pursuant to 8 U.S.C. § 1251[1] for having been convicted of two

---

[1]Section 1251 provides, in pertinent part:

> (ii) Multiple criminal conviction. Any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

crimes involving moral turpitude. Hamdan's 1985 conviction for indecent behavior with a juvenile is uncontested. The issue before us is whether Hamdan's 1987 conviction for attempted simple kidnapping under the Louisiana statute constitutes a crime involving moral turpitude.

I. Moral Turpitude Defined

The INS Act does not define moral turpitude, and legislative history does not reveal Congress' intent. *Cabral v. INS,* 15 F.3d 193, 195 (1st Cir.1994). "Congress left the [term] to future administrative and judicial interpretation." *Id.* A section of the regulations discussing moral turpitude for purposes of deportation generalizes as follows:

> **§ 40.21 Crimes involving moral turpitude and controlled substance violators.**
>
> (a) *Crimes involving moral turpitude—*
>
> *(1) Acts must constitute a crime under criminal law of jurisdiction where they occurred.* Before a finding of ineligibility under INA 212(a)(2)(A)(I)(I) may be made because of an admission of the commission of acts which constitute the essential elements of a crime involving moral turpitude, it must first be established that the acts constitute a crime under the criminal law of the jurisdiction where they occurred. A determination that a crime involves moral turpitude shall be based upon the moral standards generally prevailing in the United States.

22 C.F.R. § 40.21 (1996). This broad definition requires that a finding of deportability rest on a determination 1) that the petitioner committed an act considered a crime in the jurisdiction of occurrence and 2) that it is a crime of moral turpitude.

In Hamdan's case, the BIA aptly summarizes the body of judicial and administrative interpretation of the general definition:

> Moral turpitude refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. *See Matter of Franklin,* Interim Decision 3228 (BIA 1994); *Matter of Short,* [Interim Decision 3125 (BIA 1989) ]; *Matter or Danesh,* 19 I & N Dec. 669 (BIA 1989); *Matter of Flores, supra.* Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. *Matter of Franklin, supra; Matter of P-,* 6 I & N Dec. 795 (BIA 1955). Among the tests to determine if a crime involves moral turpitude is whether the

8 U.S.C. § 1251(2)(A)(ii) (Supp.1995).

Hamdan does not dispute that, for immigration purposes, no distinction is made between an attempt to commit and actual commission of a CIMT. *Matter of Awaijane,* 14 I & N Dec. 117 (BIA 1972).

act is accompanied by a vicious motive or a corrupt mind. *See Matter of Perez-Contreras,* Interim Decision 3194 (BIA 1992); *Matter of Serna; supra; Matter of Short, supra; Matter of Danesh, supra; Matter of Flores, supra.*

BIA Decision at 4. We find no error in the BIA's definition of moral turpitude.

II. Louisiana Kidnapping Statute and CIMT Analysis

The petitioner does not argue that a conviction for kidnapping cannot constitute a crime of moral turpitude. Instead, Hamdan argues that the cases relied on by the INS for the premise that kidnapping is a CIMT[2] involve the federal kidnapping statute, 18 U.S.C. § 1201,[3] which is substantively distinguishable from the Louisiana kidnapping statute. Hamdan does not specify particular sections of the statute; instead, he argues:

> All or most of the subsections of the statute here at bar, any one of which Mr. Hamdan may have been convicted under, reach various misdeeds that do not involve moral turpitude, and he therefore may not be deported as charged.

Petitioner's Brief at 6.

The Louisiana simple kidnapping statute provides for five categories:

A. Simple kidnapping is:

> (1) The intentional and forcible seizing and carrying of any person from one place to another without his consent; or
>
> (2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody; or
>
> (3) The intentional taking, enticing or decoying away, without the consent of the proper authority, of any person who has been lawfully committed to any orphan, insane, feeble-minded or other similar institution.
>
> (4) The intentional taking, enticing or decoying away and removing from the state, by

---

[2]*Matter of Nakoi,* 14 I & N Dec. 208 (BIA 1972); *Matter of C-M-, 9 I & N Dec. 487 (BIA 1961);* Matter of P-, *6 I & N Dec. 795 (BIA 1955).*

[3]The federal kidnapping statute reads, in pertinent part:

> (A) Whoever unlawfully seizes, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof.... shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201 (1994 & Supp.1995).

any parent of his or her child, from the custody of any person to whom custody has been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child.

(5) The taking, enticing or decoying away and removing from the state, by any person, other than the parent, of a child temporarily placed in his custody by any court of competent jurisdiction in the state, with intent to defeat the jurisdiction of said court over the custody of the child.

14 L.A.Rev.Stat. § 45A (1986). Hamdan correctly notes that, unlike the federal statute, the Louisiana kidnapping statute does not include ransom and expressly includes removal by a parent. Hamdan claims that, since the statute at issue encompasses conduct that does not constitute moral turpitude, a finding of moral turpitude cannot lie unless the evidence shows which section of the statute he was convicted under.

As a general rule, if a statute encompasses both acts that do and do not involve moral turpitude, the BIA cannot sustain a deport ability finding on that statute. *Matter of Short,* Interim Dec. 3125, slip op. at 3 (BIA 1989). An exception to this general rule is made if the statute is divisible into discrete subsections of acts that are and those that are not CIMTs. If a petitioner has been convicted of a subsection that has been determined to be a CIMT, that conviction may be used to sustain a finding of deportability. *Id.*

At the deportation hearing before the IJ, the petitioner argued that the Louisiana statute is divisible, in contrast to the federal kidnapping statute. The government argued that "the Louisiana kidnapping statute is ample to support a crime involving moral turpitude." Deportation Hearing Transcript at 11. The IJ stated that his understanding was as follows:

> Well, there's no doubt that ... of course, what you're saying some acts, I look upon your statement as saying that, you know, the act ... some of these acts are broad enough to cover the statutes, broad enough to cover many acts not involving moral turpitude such as forcibly restraining or carrying a child from a burning building or holding a child against its will as a teacher, et cetera. However, I believe that those offenses or those acts would be lacking criminal intent and I think that the act itself would not be found ... in my opinion, the act itself would not be criminal for what you're talking about and would result in the acquittal of the individual.

*Id.* The IJ declined to make his determination applying a divisibility analysis, ruling instead on kidnapping generally:

> [Counsel for Petitioner]: Nothing in the conviction shows moral turpitude and the statute

itself does not necessarily require it and under those circumstances, we think it would be a grave mistake to find him deportable on ... on these charges, Your Honor.

[The Court]: Well, I'm going to overrule your objection and I find the crime of kidnapping is a crime of moral turpitude and it's basically an act of abasement, violence, and depravity and that I think it's well described by the private and social duties which a man owes to his fellow in society in general and I think that the taking by force against the will of an individual as defined by ... and it's a criminal act as defined by the Act, I find that it is a crime involving moral turpitude and I'm going to rule against you and accordingly, I find that deportability has been established by evidence which is clear, convincing and unequivocal.

[Counsel for Petitioner]: Your Honor, just to clarify, you say kidnapping is a crime involving moral turpitude. Is that in general or under the Louisiana statute?

[The Court]: That's under the Louisiana statute.

*Id.* at 17. In his written decision, the IJ reiterated his conclusion that kidnapping was a CIMT:

Looking at the exclusion grounds at issue, the Court finds that the exclusion grounds at issue to be very, very significant. The criminal record here is very serious. Attempted kidnapping and as set forth, indecent behavior with a juvenile in violation of Louisiana statutes and I stated attempted kidnapping so looking at the conviction documents, they are extremely serious convictions, extremely serious misconduct and they cannot likely be disregarded or minimized. This misconduct is not one offense but two specific offenses, two separate acts that required individual thought and also indicate that once the respondent has been convicted of one that the misconduct did not stop but continued again and the respondent again was not a child of 16 when these acts occurred but adult and should fully have realized the consequences of his actions and the trauma and the effect that his misconduct may have had upon the victims and it is noted that these are not drug offenses; that drug offenses where often it is stated that there are no victims, in these particular cases there were three distinct victims.

*Id.* at 11.

On appeal from the IJ's decision, the BIA laid out the appropriate divisibility analysis, requiring that if moral turpitude does not necessarily inhere, "it is to be treated as a "divisible' statute and thus, we look to the record of conviction, meaning indictment, plea, verdict, and sentence, to determine the offense for which the respondent was convicted." Decision of the BIA at 3 (citing *Matter of Esfandiary,* 16 I & N Dec. (BIA 1979); *Matter of Ghunaim,* 15 I & N Dec. 269 (BIA 1975); *Matter of Lopez,* 13 I & N Dec. 725 (BIA 1971)).

In addressing this argument, the BIA noted that the Louisiana statute "provides for several alternative bases for conviction of simple kidnapping." *Id.* The BIA also defined the scope of its inquiry as that required for a divisible statute:

While the respondent argues that some of these alternative bases provide for offenses which do not involve moral turpitude, we turn to the record of conviction to discern the actual

offense that the respondent was convicted. A copy of the indictment pursuant to which the respondent pled guilty to two counts of attempted simple kidnapping is contained in the record (Exh. 3).

*Id.* As to petitioner's argument that it was unclear what section of the kidnapping statute Hamdan violated, the BIA responded that "the respondent's conviction does not fall within the custodial provisions." *Id.* The BIA based this finding on two facts: 1. the names of the victims as set forth in the indictment did not match Hamdan's name, and; 2. that Hamdan did not claim to have custody or be the parent of the victims. Finally, the BIA found: "Even if we accept the respondent's argument that this statute is broad enough to cover offenses which do not involve moral turpitude, we find that his conviction did not fall under those provisions." *Id.* at 4.

The BIA also stated that the absence of ransom did not preclude a finding that the Louisiana statute was a CIMT:

> While this distinguishes the exact convictions involved in the these [sic] cases, it does not preclude a finding that the current crime at issue involves moral turpitude.

*Id.* Further, in finding that the Louisiana simple kidnapping statute is a CIMT, the BIA stated its rationale:

> In examining La.Rev.Stat. § 14:45, we note that the statute specifies that the criminal act must be intentionally done before a conviction can be maintained. Moreover, the commission of this offense, by its very nature, would ordinarily present a risk that physical force would be used against the person. We find that kidnapping involves an act, irrespective of whether an element of extortion is involved, which grievously offends the moral code of mankind in its inherent nature, and denotes an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow man, or to society in general. We therefore conclude that the crime of which the respondent has been convicted involves moral turpitude, and that he is deportable as charged under section 241(a)(4) of the Act.

*Id.* at 5.

The BIA's conclusion that the statute's requirement of intent in order to commit the crime is dispositive is erroneous. The BIA has previously held that the intent to commit a crime is not the equivalent of the evil intent of a CIMT. *Goldeshtein v. INS,* 8 F.3d 645, 648 (9th Cir.1993) (conviction of willful conduct does not establish evil intent for a CIMT); *In Matter of Short,* Interim Dec. 3125 (BIA 1989) ("[T]here must be a finding that the felony intended ... involves moral turpitude"). And, while kidnapping has been found to be a crime of moral turpitude, such findings did not involve each type of conduct encompassed in the Louisiana kidnapping statute. We do not

agree with the BIA that because Hamdan's name differs from those named in the indictment and because he did not claim be a parent or custodian,[4] that the record demonstrates that his conduct did not fall within provisions addressing conduct which may not involve moral turpitude.

In this court, the government argues that the indictment does not allege that Hamdan was a parent or that he was a temporary custodian of a child. However, the BIA did not rely on the lack of specificity in the indictment in its decision. Furthermore, the indictment also does not allege that Hamdan's conduct constituted criminal conduct covered by the non-custodial provisions. The indictment simply states that Hamdan "did attempt to commit simple kidnapping" of Molly Van Riesen and Ashley Theobald.

The INS also argues that the indictment contains the term "with force and arms," necessarily referring to non-custodial provisions of the statute. This use of archaic boilerplate, unnecessarily included in many Louisiana indictment forms, regardless of whether the crime involves a use of force or arms, is virtually irrelevant to whether the charge was brought under any particular section of the simple kidnapping statute.

In its analysis, the BIA applied the divisibility analysis to the statute without specifying in which sections moral turpitude necessarily inheres. We agree that this statute covers conduct that cannot be considered inherently morally turpitudinous, and that the analysis must extend beyond the statute to the record of conviction. We do not make a determination as to which sections of the Louisiana simple kidnapping statute constitute a CIMT. We focus instead on the BIA's failure to make the requisite factual findings for a determination that Hamdan was convicted under a section involving moral turpitude. The facts elicited from the indictment do not give any reliable indication that Hamdan was convicted of a particular violation constituting a CIMT. The general rule is that,

---

[4]Hamdan objects to the INS' shifting of the burden to petitioner. The burden is on the government to prove deportability by clear, unequivocal and convincing evidence. *Woodby v. INS,* 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). In its brief submitted to this court, the INS phrases this argument without any discussion of Hamdan's burden, claiming that if this conduct fell under the non-custodial provisions, the facts would have been specifically pled in the indictment: "These subsections obviously require very specific factual allegations, none of which were present in the language of the indictment quoted above." This assertion is erroneous; La.C.Cr.P. Art. 465(30) requires merely that an indictment charging simple kidnapping plead that "A.B. kidnapped C.D."

absent specific evidence to the contrary in the record of conviction, the statute must be read at the minimum criminal conduct necessary to sustain a conviction under the statute. *United States ex rel. Guarino v. Uhl,* 107 F.2d 399 (2d Cir.1939). Even under the deferential standard of review for factual findings of the BIA, we find that its conclusion was not supported by substantial evidence and was, therefore, unreasonable.

In order to find that Hamdan's conviction for attempted simple kidnapping constitutes a CIMT, the INS must find by the required standard of proof which section of the Louisiana kidnapping statute Hamdan violated and that that section constitutes a CIMT. Accordingly, further review of the record of conviction is required to determine whether sufficient evidence supports a finding that Hamdan was convicted under one of the sections determined by the BIA to be a CIMT.

CONCLUSION

Based on the above analysis, we GRANT the petition for review. We VACATE the decision of the BIA and REMAND for further proceedings to determine whether the record of conviction clearly reveals that Hamdan was convicted under a section of the simple kidnapping statute criminalizing conduct that involves moral turpitude.