**Murat CETIK, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 05–0936–ag.

United States Court of Appeals, Second Circuit.

May 19, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Patricia L. Buchanan and Kathy S. Marks, Assistant United States Attorneys, of counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,** Chief District Judge.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Murat Cetik petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that ordered Cetik's removal under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i)(I), 8 U.S.C. § 1227(a)(2)(A)(i)(I)(2000), as an alien who had been convicted of a "crime involving moral turpitude" that was committed within five years after admission, third-degree criminal possession of a forged instrument in violation of New York Penal Law ("NYPL") § 170.20.

Where the BIA incorporates or adopts an IJ's decision with elaboration, we review both decisions collectively. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We afford *Chevron* deference to the BIA's construction of undefined statu-

tory terms in the INA such as "moral turpitude" since the BIA has expertise in applying and construing immigration law. *Gill v. INS,* 420 F.3d 82, 89 (2d Cir.2005). However, we review *de novo* the BIA's finding that a petitioner's crime of conviction *contains* those elements which have been properly found to constitute a "crime involving moral turpitude" since the BIA does not have expertise in construing federal and state *criminal* statutes. *Id.* (citing *Michel v. INS,* 206 F.3d 253, 262–65 (2d Cir.2000) and *Sutherland v. Reno,* 228 F.3d 171, 174 (2d Cir.2000)).

NYPL § 170.20 punishes a person for "criminal possession of a forged instrument ... when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument." The intent element required for a conviction under § 170.20 is framed in the disjunctive; thus, a person may be convicted of this offense if he intends to defraud, to deceive, or to injure another. Generally, "[i]f a statute encompasses both acts that do and do not involve moral turpitude, the BIA cannot sustain a deportability finding on that statute." *Michel,* 206 F.3d at 263 (citing *Hamdan v. INS,* 98 F.3d 183, 187 (5th Cir.1996)); *see also Rodriguez–Castro v. Gonzales,* 427 F.3d 316, 320–321 (5th Cir.2005). Therefore, if Cetik could have been convicted of a violation of § 170.20 without having committed an act involving moral turpitude, he may not be removed on the basis of that conviction.

 We find that Cetik's conviction under NYPL § 170.20 constitutes a "crime involving moral turpitude" because of the required element of either an intent to defraud or an intent to deceive. Since Cetik has failed to challenge the IJ's hold-

---

** The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

ing that the intent to injure serves as evidence of moral turpitude, we lack jurisdiction to consider such a claim. *See* 8 U.S.C. § 1252(d)(1)(2000); *see also United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002) (holding that petitioner was jurisdictionally barred from raising an issue not presented to the BIA). "Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind." *Hamdan,* 98 F.3d at 186. As the Supreme Court explained in *Jordan v. De George,* 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951), "Whatever else the phrase 'crime involving moral turpitude' may mean in peripheral cases, the decided cases make it plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude." *Id.* at 232, 71 S.Ct. 703.

The intent to defraud element of § 170.20 clearly satisfies this standard. This intent "has repeatedly been held to render an offense one which involves moral turpitude and for which an alien may be deported or excluded under the Immigration Laws." *United States ex rel. Berlandi v. Reimer,* 113 F.2d 429, 431 (2d Cir.1940). In particular, forgery has long been regarded as a "crime involving moral turpitude" because of the necessary element of an intent to defraud. *United States ex rel. Jelic v. Dist. Director of Immigration and Naturalization,* 106 F.2d 14, 20 (2d Cir. 1939); *United States ex rel. Robinson v. Day,* 51 F.2d 1022 (2d Cir.1931) ("Forgery in all its degrees, as defined by the Penal Code of New York (citation omitted) involves an intent to defraud, and is thus a crime of moral turpitude."); *see also Balogun v. Ashcroft,* 270 F.3d 274, 279 (5th Cir.2001) (noting that forgery is a crime of moral turpitude); *Morasch v. INS,* 363 F.2d 30, 31 (9th Cir.1966) ("There is no doubt that [petitioner's] forgery conviction . . . qualifies as [a crime involving moral

turpitude]."); *Baer v. Norene,* 79 F.2d 340, 341 (9th Cir.1935) (per curiam) (stating that forgery involves moral turpitude and thus may serve as the basis for deportation). Finally, Cetik conceded in his brief to the IJ that an "intent to defraud necessarily involves moral turpitude."

Since the intent to defraud and the intent to deceive share a similar differ only in terms of the object of the crime, *see United States v. Yermian,* 468 U.S. 63, 73 n. 12, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984), we find that the BIA reasonably held that the intent to deceive also evidences moral turpitude. *See id.; see also Omagah v. Ashcroft,* 288 F.3d 254, 260 (5th Cir.2002) ("In the wake of *Jordan,* the courts of appeals have interpreted 'moral turpitude' as including a wide variety of crimes that involve some fraud or deceit."); *see also Matter of P–,* 3 I. & N. Dec. 56, 1947 WL 7051 (BIA 1948) and *Matter of Flores,* 17 I. & N. Dec. 225, 1980 WL 121870 (BIA 1980).

Given that Cetik's conviction for third-degree forgery under § 170.20 required either an intent to defraud or an intent to deceive, it is clear that it "embrace[s] fraudulent conduct" and thus is a crime involving moral turpitude. *See Jordan,* 341 U.S. at 232, 71 S.Ct. 703. Consequently, we find that Cetik is removable under INA § 237(a)(2)(A)(i)(I).

We have considered all other arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.