United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60472
Summary Calendar

LUIS MARTINEZ-CASTELAN,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 075 260
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

    Luis Martinez-Castelan, a native and citizen of Mexico, has petitioned for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's order denying him cancellation of removal and voluntary departure.  Martinez-Castelan was convicted in 2003 of a felony under 18 U.S.C. § 1001(a)(2) for making a false statement to the Federal Aviation Administration.  The BIA held that such a conviction was a crime involving moral turpitude rendering him statutorily ineligible for cancellation of removal.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez-Castelan argues on appeal that the BIA's determination that his crime involved moral turpitude was in error. We apply a two-part standard of review to the BIA's conclusion that an alien has committed a crime involving moral turpitude. Smalley v. Ashcroft, 354 F.3d 332, 335 (5th Cir. 2003). "First, we accord 'substantial deference to the BIA's interpretation of the INA' and its definition of the phrase 'moral turpitude.' Second, we review de novo whether the elements of a state or federal crime fit the BIA's definition of a CIMT." Id. at 335-36 (citations omitted). The BIA's determination of what constitutes moral turpitude must be upheld if that determination is reasonable. Hamdan v. INS, 98 F.3d 183, 185 (5th Cir. 1996).

"Whether a crime involves moral turpitude depends upon the inherent nature of the crime, as defined in the statute concerned, rather than the circumstances surrounding the particular transgression." Pichardo v. INS, 104 F.3d 756, 759 (5th Cir. 1997). Section 1001(a)(2) criminalizes the knowing and willful making of "any materially false, fictitious, or fraudulent statement or representation" regarding "any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." "Crimes including dishonesty or lying as an essential element involve moral turpitude." Omagah v. Ashcroft, 288 F.3d 254, 260 (5th Cir. 2002); see also Padilla v. Gonzales, 397 F.3d 1016, 1020

(7th Cir. 2005); <u>Itani v. Ashcroft</u>, 298 F.3d 1213, 1215 (11th Cir. 2002). The BIA's determination that a violation of § 1001(a)(2) constitutes moral turpitude is reasonable. <u>See</u> <u>Hamdan</u>, 98 F.3d at 185. Accordingly, the petition for review is DENIED.