**Miguel Angel ALCAIDE–ZELAYA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–5861–ag.

United States Court of Appeals, Second Circuit.

May 3, 2007.

Jorge Guttlein, Aranda & Guttlein, New York, NY, for Petitioner.

Steven Kim, Elliot M. Schachner, Assistant United States Attorneys (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER Jr., and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Miguel Angel Alcaide–Zelaya, through counsel, petitions for review of the October 6, 2004 BIA decision affirming the August

7, 2003 decision of Immigration Judge ("IJ") Alan Page that ordered Alcaide–Zelaya's removal from the United States pursuant to 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), (a)(2)(A)(i)(II), and (a)(2)(C). *In re Alcaide–Zelaya,* No. A35 418 333 (B.I.A. Oct. 6, 2004), *aff'g* No. A35 418 333 (Immig. Ct. N.Y. City Aug. 7, 2003). We assume the parties' familiarity with the underlying facts and procedural history.

Alcaide–Zelaya's principal argument on appeal is that his 1998 New Jersey conviction under N.J.S. § 2C:20–7 for receipt of stolen property does not constitute a "crime involving moral turpitude" ("CIMT") pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See, e.g., Saloum v. USCIS,* 437 F.3d 238, 242 (2d Cir.2006). We afford *Chevron* deference to the BIA's construction of undefined statutory terms in the Immigration and Naturalization Act such as "moral turpitude" because the BIA has expertise in applying and construing immigration law. *See Gill v. INS,* 420 F.3d 82, 89 (2d Cir. 2005). However, we review *de novo* the BIA's finding that a petitioner's crime of conviction contains those elements which have been properly found to constitute a CIMT, because the BIA does not have expertise in construing federal and state criminal statutes. *Id.* (citing *Sutherland v. Reno,* 228 F.3d 171, 174 (2d Cir.2000)).

Generally, "if a statute encompasses both acts that do and do not involve moral turpitude, the BIA cannot sustain a deportability finding on that statute." *Michel v. INS,* 206 F.3d 253, 263 (2d Cir. 2000) (citing *Hamdan v. INS,* 98 F.3d 183, 187 (5th Cir.1996)); *see also Rodriguez–Castro v. Gonzales,* 427 F.3d 316, 320–321 (5th Cir.2005). Therefore, if Alcaide–Zela-

ya could have been convicted of a violation of N.J.S. § 2C:20–7 without having committed an act involving moral turpitude, he may not be removed on the basis of that conviction.

Section 2C:20–7 of the New Jersey Code of Criminal Justice makes it a crime to "knowingly receive[ ] ... movable property of another knowing that it has been stolen, or believing that it is probably stolen." We have previously held that violation of a New York statute making it a crime to "knowingly possess[ ] stolen property" constitutes a CIMT because the statute's knowledge requirement necessarily entails corrupt scienter, and "corrupt scienter is the touchstone of moral turpitude." *Michel,* 206 F.3d at 263–64. Alcaide–Zelaya argues that the New Jersey statute he was convicted under is different because it permits a conviction not only if one knowingly receives property one knows to be stolen, but also if one knowingly receives property that one "believ[es] ... is probably stolen." N.J.S. § 2C:20–7.

We find the distinction urged by petitioner to be meaningless. As the United States Court of Appeals for the Third Circuit explained in addressing a Pennsylvania statute nearly identical to New Jersey's:

Both crimes speak with equal force to the honesty of a person. If knowingly possessing stolen goods is a crime of moral turpitude, it follows that possessing stolen goods that one believes probably are stolen is such a crime, too. It cannot reasonably be argued that a person willing to possess goods believing they were probably stolen exhibits less moral turpitude than a person who actually knows such goods are stolen.

*De Leon–Reynoso v. Ashcroft,* 293 F.3d 633, 637 (3d Cir.2002). Thus, we hold that the IJ properly found Alcaide–Zelaya's 1998 conviction under N.J.S. § 2C:20–7 to

**26**

be a CIMT under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and thus also properly concluded that Alcaide–Zelaya is removable and ineligible for waiver.

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED, and the outstanding motion for stay of removal is DENIED as moot.