AFFIRMED; Opinion Filed February 13, 2013



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01234-CR

## EX PARTE CARMEN LETICIA CHAVEZ

On Appeal from the 296th Judicial District Court
Collin County, Texas
Trial Court Cause No. W219-80915-08-HC

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Carmen Leticia Chavez appeals the trial court's order denying her application for writ of habeas corpus. In a single issue, appellant asserts the trial court erred in denying relief upon her application because she received ineffective assistance of counsel in connection with her guilty plea. We affirm the trial court's order.

### BACKGROUND

Appellant was charged with fraudulent use or possession of identifying information. On March 19, 2009, appellant entered a guilty plea as part of a plea bargain agreement with the State. During the plea hearing, the trial court orally admonished appellant that she "could be deported" as a result of her plea. The trial court confirmed with counsel that counsel had "gone over with [appellant] the various ramifications of her plea with regard to the immigration and

–1–

naturalization people." Appellant also signed written admonishments informing her that her plea "may result in deportation, exclusion from admission to this country, or the denial of naturalization under federal law." Pursuant to the agreement, the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a period of two years. Appellant was discharged from community supervision and the case was dismissed on March 27, 2011.

In 2012, appellant filed an application for writ of habeas corpus asserting she is restrained because she is not a citizen of the United States and faces deportation as a result of her plea of guilty and placement on deferred adjudication. Among other complaints about counsel's performance, appellant asserted counsel failed to inform her of the certainty of deportation as a result of her guilty plea. The trial court conducted a short hearing during which the parties agreed to submit evidence in the form of affidavits.

In her affidavit, appellant averred she is a Mexican citizen and not a legal resident of the United States. She came to the United States in 2000 on a tourist visa and remained after her visa expired. Appellant alleged counsel told her she would receive two years' probation if she pleaded guilty and otherwise would receive two years' imprisonment. Appellant swore counsel never discussed the deportation consequences of her plea, she could not read the plea papers because they were in English, and counsel did not read them to her. Counsel translated the plea proceeding to her in Spanish and told her how to answer the trial court's questions, but she remembers nothing about being told she would be deported because of her plea. Appellant related that she learned she was subject to deportation from an immigration attorney she consulted when she decided to file a petition to become a naturalized citizen.

In his affidavit, counsel stated that all of his communications with appellant were conducted in Spanish. Counsel averred that he reviewed with appellant and translated into Spanish for her all of the plea papers including the trial court's written deportation admonishment. Counsel swore that he advised appellant in Spanish that her plea of guilty "may result" in her deportation. Counsel recollected that during a January 20, 2009 trial setting, appellant "continued to express concern about the possibility of incarceration, despite my advise [sic] that, if she w[as] found guilty, there was a good chance that she would be given probation; (given her prior clean record)." During a February 20, 2009 trial setting, appellant "made the decision not want to risk incarceration and accept the deferred adjudication plea [sic]."

After receiving the evidence, the trial court denied relief. In its order, the trial court found counsel was credible while appellant was not credible. The trial court found appellant had not shown that fraudulent use or possession of identifying information was a crime involving moral turpitude under federal law. The trial court further found appellant chose to plead guilty because she feared incarceration and not because of counsel's immigration advice. The trial court concluded the immigration consequences of appellant's plea were not certain, appellant received the proper advice about the risk of immigration consequences, and appellant "would have pleaded guilty without regard to the specificity of immigration advice she received."

### APPLICABLE LAW

An applicant for habeas corpus relief must prove her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam),

–3–

*overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *See id.* We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See id.* We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.*

To obtain habeas corpus relief on the ground of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Padilla v. Kentucky*, 130 S.Ct. 1473, 1482 (2010); *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In the context of a complaint about counsel's plea advice, appellant must show (1) counsel's plea advice did not fall within the wide range of competence demanded of attorneys in criminal cases and (2) there is a reasonable probability that, but for counsel's deficient performance, appellant would have insisted on going to trial rather than accepting the offer and pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010).

To satisfy her burden under the first prong of the test, appellant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Harrington*, 310 S.W.3d at 458. Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. See *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App.

1999).  The reasonableness of counsel's performance is judged under prevailing professional norms.  *Strickland*, 466 U.S. at 688.  Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight.  *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813.  Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812.

Inaccurate advice regarding a non-citizen client's potential deportation may constitute ineffective assistance.  *See Padilla*, 130 S.Ct. at 1482.  When the consequences are "not succinct and straightforward," counsel's duty is to advise the defendant of the possibility that the plea may carry a risk of adverse immigration consequences.  *Id.* at 1483; *Moussazadeh*, 361 S.W.3d at 691.  When, however, federal immigration law clearly specifies that the defendant will be deported, counsel must affirmatively and correctly advise the defendant about immigration consequences of the plea.  *See Padilla*, 130 S.Ct. at 1483; *Moussazadeh*, 361 S.W.3d at 691.  Although the parties disputed whether *Padilla* applies retroactively to this appeal and the trial court concluded it does not, this Court applies *Padilla* retroactively.  *See Ex parte Olvera*, 2012 WL 2336240, *4 (Tex. App.—Dallas June 20, 2012, no pet.).  *See also Aguilar v. State*, 375 S.W.3d 518, 524 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (applying *Padilla* retroactively).

Under federal immigration law, deferred adjudication is considered to be a conviction if the defendant entered a guilty or no-contest plea and punishment was assessed.  *See* 8 U.S.C.A. § 1101(a)(48)(A) (2005).  Among other provisions immaterial to this case, federal immigration law provides an alien is automatically deportable if convicted within five years of admission to the United States of "a crime involving moral turpitude . . . for which a sentence of one year or longer may be imposed . . . ."  *See id.* at § 1227(a)(2)(A)(i).  The Immigration and Nationality

Act does not define which crimes involve moral turpitude, but leaves the designation of particular offenses to the Bureau of Immigration Appeals and the federal courts. *Fuentes-Cruz v. Gonzales*, 489 F.3d 724, 726 (5th Cir. 2007). The Bureau of Immigration Appeals has defined moral turpitude as:

> conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the appreciated rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind."

*Id*. quoting *Hamdan v. INS*, 98 F.3d 183, 186 (5th Cir. 1996).

## ANALYSIS

Appellant contends her conviction for fraudulent use of identifying information constitutes a crime of moral turpitude and thus triggered counsel's duty to advise her that she faced mandatory deportation consistent with *Padilla*. Appellant contends her affidavit shows she would not have pleaded guilty and would have demanded a trial if counsel had advised her properly that she faced mandatory deportation if she entered a guilty plea. The State responds that appellant cannot meet either prong of the standard for showing ineffective assistance because the immigration consequences of appellant's offense are not truly clear so as to trigger *Padilla* and she suffered no harm because her guilty plea was motivated by her fear of prison rather than trial counsel's immigration advice. We agree with the State.

Appellant has not cited any judicial opinions holding fraudulent use or possession of identifying information constitutes a crime of moral turpitude. Appellant's contention rests entirely upon one law review article which suggests it is "likely" a crime of moral turpitude but admits it is difficult to predict how it might be treated. *See* Mario K. Castillo, *Immigration*

*Consequences: A Primer for Texas Criminal Defense Attorneys in Light of* Padilla v. Kentucky, 63 Baylor L. Rev. 587, 665, 717 n. 286 (2011).

On the authority presented, we cannot agree with appellant that fraudulent use or possession of identifying information constitutes the type of offense for which the immigration consequences of a conviction are succinct and straightforward so as to trigger a duty for counsel to advise a client that a plea of guilty would result in certain deportation. *See Padilla*, 130 S.Ct. at 1483. Because it was unclear how this offense would be treated under federal immigration law, it was sufficient for counsel to advise appellant that her plea of guilty might result in deportation. *See id.* We cannot conclude appellant met her burden to show counsel's performance fell below an objective standard of reasonableness or that his plea advice fell outside the range of competence demanded of attorneys in criminal cases. *See Strickland*, 466 U.S. at 687–88 *Harrington,* 310 S.W.3d at 458.

We also conclude appellant did not meet her burden of proof under the second prong of *Strickland.* In the context of a *Padilla* claim, a defendant proves there is a reasonable probability that but for counsel's errors, she would not have pleaded guilty if she shows a decision to reject the plea bargain was rational under the circumstances. *See Padilla*, 130 S.Ct. at 1485.

The record contains no evidence to evaluate the strength of the State's case and appellant does not offer any evidence showing she had any defenses. The evidence does contain counsel's representation that appellant was concerned about the prospect that she might be incarcerated if she rejected the plea bargain and proceeded to trial. We defer to the trial court's assessment of the credibility of the evidence. *See Peterson*, 117 S.W.3d at 819; *see also Manzi v. State*, 88 S.W.3d 240, 242–44 (Tex. Crim. App. 2002) (concluding a reviewing court should defer to the trial court's credibility determinations of historical facts even when the evidence was presented

in affidavits). The trial court found trial counsel credible and appellant not credible. Trial counsel averred that appellant's motivation to enter her guilty plea was fear of imprisonment. Appellant brought up her fear of prison at two trial settings scheduled a month apart and chose to enter a guilty plea even though counsel advised her that she would likely receive probation in light of her clean record.

Without evidence that appellant had reasons to believe she might prevail at trial, she would face the same deportation consequences after serving a term of imprisonment as she would face if she accepted the plea bargain and received deferred adjudication community supervision. We conclude appellant has failed to show prejudice under the second prong of *Strickland*. *See Hill*, 474 U.S. at 59–60; *Strickland*, 466 U.S. at 694; *Harrington*, 310 S.W.3d at 458. *See also Ex parte Murillo*, No. 14-12-00090-CR, 2013 WL 80159, at *8 (Tex. App.— Houston [14th Dist.] Jan. 8, 2013, no pet. h.) (concluding the applicant did not show prejudice where the evidence showed his guilt, lack of defenses, repeated warnings that he might be deported, failure to express concern about his immigration status, and no difference in immigration consequences arising from his plea bargain as opposed to conviction at trial); *Ex parte Moreno*, 382 S.W.3d 523, 529 (Tex. App.—Fort Worth 2012, no pet.) (concluding the applicant failed to show prejudice when the trial court found his affidavit not credible and no other evidence showed immigration consequences were his primary concern).

Because appellant has not shown she received ineffective assistance of counsel with regard to the immigration consequences of her guilty plea, we cannot conclude the trial court abused its discretion in denying her application for writ of habeas corpus. *See Peterson*, 117 S.W.3d at 819.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121234F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE CARMEN LETICIA CHAVEZ

No. 05-12-01234-CR

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. W219-80915-08-HC.
Opinion delivered by Justice Lang, Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 13th day of February, 2013.

DOUGLAS S. LANG
JUSTICE