Nabuo **OKABE**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 81–4248

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 31, 1982.

David A. Kattan, New Orleans, for petitioner.

Stephen M. Weglian, Jr., Lauri Steven Filppu, Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This is a petition for review of a deportation order based on Petitioner's criminal conviction. The questions are whether offering a bribe to a public official is a crime involving moral turpitude, and whether we should stay Petitioner's deportation pending the outcome of his "motion for a status conference" to reduce his sentence. The Immigration Judge found that Petitioner was convicted of a crime involving moral turpitude and ordered him deported. The Board of Immigration Appeals affirmed. We affirm.

Petitioner Okabe, a lawful resident alien, was convicted of offering a bribe to an immigration officer in violation of 18 U.S.C. § 201(b)(3).[1] Okabe pleaded guilty to the charge, was convicted, and received a sentence of 18 months confinement, execution of which was suspended for a three year probationary period, and a fine of $5,000, to be paid within six months. Thereafter, the Immigration and Naturalization Service instituted deportation proceedings against him under 8 U.S.C. § 1251(a)(4), which provides that an alien convicted of a crime involving moral turpitude within five years after entry, and sentenced to confinement for a year or more, shall be deported.[2]

Okabe contends that offering a bribe is not a crime involving moral turpitude. His contention is based upon the definition of bribery as contained in the Foreign Affairs Manual of the Department of State,[3] which Okabe argues requires that the public official accept the bribe and agree to do or to refrain from doing an act contrary to his legal duty. In his brief to this Court Okabe also asserts that the circumstances surrounding the incident show that he offered the bribe out of spontaneous panic when the immigration officer appeared to arrest five of the cooks at his restaurant, and that hence he lacked the evil intent necessary to make the crime one of moral turpitude. This assertion is not supported by the testi-

---

**1.** 18 U.S.C. § 201 is entitled "Bribery of Public Officials and Witnesses". Subsection (b)(3) denounces, in relevant part:

"(b) Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—

(3) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of his lawful duty, or...."

The penalty provided for violation of § 201(b)(3) is a fine of "not more than $20,000 or three times the monetary equivalent of the thing of value, whichever is greater," or imprisonment for not more than fifteen years, or both. 18 U.S.C. § 201.

**2.** 8 U.S.C. § 1251 provides, in part:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial."

The five year requirement was clearly met. Okabe entered the United States in March, 1975. The offense was committed in September, 1979, he pleaded guilty in December, 1979, and was sentenced in January, 1980. The fact that the sentence suspended the confinement is not significant, see In Matter of "M", 6 I&N 346 (1954), and Petitioner makes no assertion to the contrary.

**3.** The description of bribery in the Manual provides in part:

"Bribery is the offense of giving or receiving money or anything of value in return for which a public officer agrees to do or to refrain from doing an act contrary to his legal duty."

mony before the Immigration Judge. Moreover, the indictment to which Okabe pleaded guilty plainly charged that he offered the immigration officer $325 "with intent to induce ... [the officer] ... to do and to omit to do an act in violation of his lawful duty...."

Whether a crime involves moral turpitude depends upon the inherent nature of the crime, as defined in the statute concerned, rather than the circumstances surrounding the particular transgression. *Forbes v. Brownell*, 149 F.Supp. 848, 849 (D.C.D.C.1957). In considering this question, we are confined to the statute and to Okabe's record of conviction. *United States v. Savoretti*, 200 F.2d 546, 548 (5th Cir. 1952); *United States v. Day*, 51 F.2d 1022 (2nd Cir. 1931); *United States v. Neelly*, 208 F.2d 337 (7th Cir. 1953); *United States v. Esperdy*, 187 F.Supp. 753 (S.D.N.Y.1960), *aff'd*, 285 F.2d 341 (2nd Cir. 1961), *cert. denied*, 366 U.S. 905, 81 S.Ct. 1049, 6 L.Ed.2d 204 (1961).

The record shows that Okabe was indicted for and convicted of offering a bribe under 18 U.S.C. § 201(b)(3). Offering a bribe under this statute is a crime involving moral turpitude, for a corrupt mind is an essential element of the offense. *United States v. Jacobs*, 431 F.2d 754 (2nd Cir. 1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1613, 29 L.Ed.2d 120 (1971); *accord: In Re V–*, 4 I&N 100 (1950); *cf.: Ex parte Tozier*, 2 F.2d 268, 269 (D.C.Me.1924), *aff'd*, 3 F.2d 849 (1st Cir. 1925); *In Re H–*, 6 I&N 358 (1954).

Okabe's final contention is that we should stay his deportation pending the outcome of his "motion for status conference," which he claims may result in his sentence being reduced to less than one year.[4] Okabe's conviction and sentence are final in the sense that no direct appeal is pending

and the time for such appeal has long since expired. In *Aguilera-Enriquez v. Immigration & Naturalization Service*, 516 F.2d 565 (6th Cir. 1975), *cert. denied*, 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976), the Sixth Circuit held that post-conviction motions do not operate to negate the finality of a conviction for deportation purposes, unless and until the conviction is overturned pursuant to such motions. The same reasoning applies to Okabe's "motion for status conference."[5]

The petition is DENIED.

---

4. This contention is raised for the first time in Petitioner's brief in this Court, and neither the record below nor Petitioner's brief otherwise identifies the motion or when it was filed.

5. Okabe can request an administrative stay of his deportation pending the outcome of his "motion for status conference". The Service has discretion to grant such a stay, and its denial is subject to review in this Court, though within narrow limits. *Aguilera-Enriquez*, 516 F.2d at 571.