United States Court of Appeals,

Fifth Circuit.

No. 96-60001.

Juan PICHARDO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Jan. 31, 1997.

Petition for Review of an Order of the Board of Immigration Appeals.

Before JOLLY, JONES and PARKER, Circuit Judges.

PARKER, Circuit Judge:

Juan Pichardo ("Pichardo"), a citizen of the Dominican Republic, petitions this Court for review of a final order of deportation of the Board of Immigration Appeals ("BIA") which denied Pichardo's application for relief from deportation under §§ 212(c) and 212(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1182(c) and 1182(h). Because we lack jurisdiction, we deny the petition.

FACTS AND PROCEEDINGS BELOW

Pichardo is a 47-year old citizen of the Dominican Republic who entered the United States as a lawful permanent resident in 1969. The Immigration and Naturalization Service ("INS") issued an Order to Show Cause against Pichardo on May 19, 1992 charging Pichardo with being deportable pursuant to section 241(a)(2)(A)(ii) of the Act, 8 U.S.C. § 1251(a)(2)(A)(ii), for having been convicted after entry of two crimes involving moral turpitude that did not arise out of a single scheme of criminal conduct.

Pichardo did not contest his deportability, but in April 1993, filed applications for relief from deportation under sections 212(c) and 212(h) of the Act.  At the hearing on the applications, the INS submitted judgment and conviction records for Pichardo from the Commonwealth of Pennsylvania.  The records indicated the following convictions:  (1) larceny, receiving stolen goods, and conspiracy to commit burglary (1972) (sentenced to one-year term of probation);  (2) aggravated assault (1978) (sentenced to not less than 111/2 months nor more than 23 months);  and (3) involuntary deviate sexual intercourse, indecent assault, endangering the welfare of children, corruption of minors, and incest (1988) (sentenced to not less than five nor more than 20 years).

After a hearing, the Immigration Judge ("IJ") denied Pichardo's applications for relief from deportation and entered a deportation order against him.  Pichardo appealed the IJ's denials to the BIA.  After reviewing the IJ's balancing of the equities related to the § 212(c) application and the record related to the "extreme hardship" required for a § 212(h) waiver, the BIA affirmed.  *In re Pichardo (A18 867 573),* (BIA Dec. 4, 1995). Pichardo now petitions this Court for review of the BIA's decision.

DISCUSSION

A. Recent Amendments to our Jurisdiction

During the pendency of Pichardo's appeal to this Court, the Anti-Terrorism and Effective Death Penalty Act of 1996[1] ("AEDPA")

---

[1]The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (April 24, 1996).

was enacted.  It amended our jurisdiction over final orders of the BIA so as to preclude our review of certain matters.  See *Mendez-Rosas v. INS,* 87 F.3d 672 (5th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 694, --- L.Ed.2d ---- (Jan. 6, 1997).  The Illegal Immigration Reform and Immigrant Responsibility Act of 1996[2] ("IIRIRA") was also enacted during the pendency of Pichardo's appeal, and it, among other things, amended the AEDPA's amendments of our jurisdiction of BIA final orders of deportation.  We have previously determined that the AEDPA's withdrawal of jurisdiction applies to appeals of BIA final deportation orders pending at the time of the AEDPA's enactment.  *Id.*  Because the relevant amendment of the IIRIRA is likewise jurisdictional in nature, it is also applicable to appeals pending at the time of the effective date of the IIRIRA's relevant provision.[3]  *See Id.* at 674.  We turn to the combined amendments of the AEDPA and the IIRIRA to determine if their jurisdiction withdrawal includes the case at hand.

Section 440(a) of the AEDPA, together with section 306(d) of the IIRIRA, amended our source of appellate jurisdiction by providing, in pertinent part, that "[a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal offense ... covered by section

---

[2]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009, was signed into law by President Clinton on September 30, 1996.

[3]The relevant IIRIRA provision, section 306(d), has its own effective date that is different than most of the IIRIRA's provisions.  *See* IIRIRA § 306(d) (effective date as if enacted with the AEDPA).

3

241(a)(2)(A)(ii) for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i), shall not be subject to review by any court" (emphasis added). Section 241(a)(2)(A)(ii) of the Act is the section under which Pichardo was found deportable. It provides for deportability for aliens with two or more after-entry convictions of crimes involving moral turpitude, that did not arise from a single scheme of criminal misconduct, regardless of whether confinement was imposed or whether the convictions were in a single trial. *See* 8 U.S.C. § 1251(a)(2)(A)(ii).

According to the plain language of the combined amendments of the AEDPA and the IIRIRA, judicial review is precluded for deportation orders based on 8 U.S.C. § 1251(a)(2)(A)(ii) only when two of the moral turpitude offenses supporting deportation are covered by section 241(a)(2)(A)(i) of the Act, disregarding the provision related to the date of the crime's commission. "Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense ... covered by section 241(a)(2)(A)(ii) **for which both predicate offenses are, without regard to the date of their commission, otherwise covered by section 241(a)(2)(A)(i),** shall not be subject to review by any court" (emphasis added). AEDPA § 440(a), IIRIRA § 306(d), 8 U.S.C. § 1105a(a)(10) (1996) (to be recodified at 8 U.S.C. § 1252) (emphasis added). We next inquire as to whether at least two of Pichardo's convictions that serve as the basis for his deportation are covered by section 241(a)(2)(A)(i) of the Act.

4

Section 241(a)(2)(A)(i) of the Act was also amended by the AEDPA.  *See* AEDPA, § 435 (1996), 8 U.S.C. § 1251(a)(2)(A)(i) (as amended).  However, in contrast with AEDPA § 440(a), the jurisdiction withdrawal provision, AEDPA § 435 includes an express provision for its effective date.  See *Mendez-Rosas,* 87 F.3d at 675.  Section 435 of the AEDPA provides that it "shall apply to aliens against whom deportation proceedings are initiated after the date of the enactment of this Act."  AEDPA, § 435(b) (1996).  The AEDPA was enacted in April 1996 and Pichardo's Order to Show Cause was issued in 1992.  Thus, the unamended version of section 241(a)(2)(A)(i) of the Act is to be followed for Pichardo since his deportation proceedings were initiated before the AEDPA's enactment.  Pursuant to amended 8 U.S.C. § 1105a(a)(10), we must determine if at least two of Pichardo's convictions that serve as the basis for his deportation are covered by section 241(a)(2)(A)(i) of the Act, as unamended and disregarding that provision's reference to the date of the alien's crimes.

Section 241(a)(2)(A)(i), as unamended and omitting any reference to the date of the crime's commission per the command of IIRIRA § 306(d), reads as follows.

an alien who—

> (I) is convicted of a crime involving moral turpitude ... after the date of entry, **and**

> (II) either is sentenced to confinement or is confined therefor in a prison or correctional institution for one year or longer,

is deportable.

8 U.S.C. § 1251(a)(2)(A)(i) (unamended) (emphasis added).  Thus,

the convictions precluding jurisdiction must have been (1) for crimes involving moral turpitude and (2) their sentences or confinements must have been for one year or longer.

B. Application of the AEDPA/IIRIRA Jurisdiction Provisions

Pichardo did not receive confinement for his 1972 conviction, but rather, probation. Thus, that conviction fails to meet the qualifying criteria. Pichardo's 1988 conviction satisfies the criteria in that it was for a crime unquestionably involving moral turpitude and he received a sentence in excess of one year.

Because at least two of Pichardo's convictions for crimes involving moral turpitude that serve as the basis for his deportation must satisfy the conditions of unamended section 241(a)(2)(A)(i) of the Act (disregarding any consideration of the date of the crime's commission), Pichardo's third conviction must meet the conditions in order to trigger the judicial review bar enacted by the AEDPA and the IIRIRA. His third conviction was for aggravated assault and Pichardo was sentenced to a minimum prison term of 111/2 months with a maximum of 23 months. The facts confront us with two questions: (1) whether such a prison term is to be considered a term of one year or more, and (2) whether aggravated assault under the Pennsylvania statute is a crime involving moral turpitude.

For purposes of exclusion and deportation proceedings, an indeterminate sentence is to be considered a sentence for the maximum term imposed. *Fonseca-Leite v. INS,* 961 F.2d 60, 62 (5th Cir.1992); *see also Nguyen v. INS,* 53 F.3d 310 (10th Cir.1995);

6

*In re D-,* Int.Dec. 3236, 1994 WL 284067 (BIA 1994). Pichardo received a sentence of 111/2 to 23 months for his aggravated assault conviction, and the maximum of his sentence, 23 months, is in excess of one year's confinement, thus fulfilling one of the requisite conditions of section 241(a)(2)(A)(i).

Regarding the other necessary condition, the Act does not define the term "moral turpitude" and legislative history does not reveal congressional intent. *See Hamdan v. INS,* 98 F.3d 183, 185 (5th Cir.1996). Congress left the term to future administrative and judicial interpretation. *Cabral v. INS,* 15 F.3d 193, 195 (1st Cir.1994). A determination that a crime involves moral turpitude for purposes of deportation is a question of law, which we review *de novo. Hamdan,* 98 F.3d at 185. Whether a crime involves moral turpitude depends upon the inherent nature of the crime, as defined in the statute concerned, rather than the circumstances surrounding the particular transgression. *Okabe v. INS,* 671 F.2d 863, 865 (5th Cir.1982). When considering this question, we are limited to the statute and to Pichardo's record of conviction. *Id.*

While we do accord some deference to the BIA's interpretation of questions such as this, *see Hamdan,* 98 F.3d at 185, no findings regarding moral turpitude were made related to Pichardo's aggravated assault conviction.[4] However, the BIA has summarized

_____

[4]The IJ did not make any findings as to whether the aggravated assault conviction was for a crime involving moral turpitude. Rather, he found that Pichardo was deportable as charged under 8 U.S.C. § 1251(a)(2)(A)(ii) for having been convicted of two crimes after entry not arising out of a single scheme of criminal misconduct. He did treat the 1988 convictions as all arising from a single scheme and as involving moral turpitude. *In re Pichardo-*

7

the judicial and administrative interpretation of the general definition of moral turpitude, and we have previously relied on its definition. *See Id.* at 186.

> Moral turpitude refers generally to conduct that shocks the conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude. Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind.

*Id.* (quoting *In re Hamdan,* at 4 (BIA Jan. 5, 1995) (citations omitted)); *see also In re Fualaau,* Int.Dec. 3285, 1996 WL 413576, at 3 (BIA 1996) (*en banc* ).

Following *Okabe's* direction, we turn to the Pennsylvania statute. The Pennsylvania aggravated assault statute provides for four categories of aggravated assault.[5] Among them are "attempt"

---

*Lora (A 18 867 573),* at 13, 14 (June 23, 1993). Because deportability under 8 U.S.C. § 1251(a)(2)(A)(ii) may be based on convictions for crimes for which no confinement is imposed, *see* id. ("Any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, **regardless of whether confined therefor** ...") (emphasis added), it is unclear which of Pichardo's other two convictions the IJ regarded as involving moral turpitude to serve as the second moral turpitude crime necessary to satisfy the grounds for deportability under 8 U.S.C. § 1251(a)(2)(A)(ii). The IJ was not required to designate which of the other two convictions involved moral turpitude and had no reason to, not knowing in 1993 what information might be needed in the record for our post-AEDPA determination of jurisdiction. However, larceny has been suggested to involve moral turpitude. *See United States v. Smith,* 420 F.2d 428, 432 (5th Cir.1970); *In re Serna,* Int.Dec. 3188, 1992 WL 301779, at 3 (BIA 1992).

[5]Pichardo was convicted under 18 Pa.Cons.Stat. § 2702, which appears below as it did in 1978, the year of Pichardo's conviction.

§ 2702. Aggravated assault

offenses. There is no distinction for immigration purposes with respect to moral turpitude between the commission of a crime and the attempt to commit it. *In re Davis,* Int.Dec. 3181, 1992 WL 443920, at 15 (BIA 1992). We thus examine the commission offenses in the statute for the elements typically involved in assault that have resulted in findings of moral turpitude. Those are bodily injury together with a minimum mens rea of recklessness. *See In re Fualaau,* at 4; *In re Danesh,* 19 I & N Dec. 669, 1988 WL 235462, at 4 (BIA 1988). All four categories of commission offenses in 18 Pa.Cons.Stat. § 2702 involve these two elements.[6] In addition, §

> (a) Offense defined.—A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;
>
> (3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or
>
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

[6]We examine all of the statute's categories of offenses because the record does not reflect that Pichardo was convicted under a particular subsection of the Pennsylvania statute, but generally under 18 Pa.Cons.Stat. § 2702. As a general rule, if a statute encompasses both acts that do and do not involve moral turpitude, a finding of moral turpitude cannot be sustained. *Hamdan,* 98 F.3d at 187. We are thus required to examine all the categories for moral turpitude before finding that Pichardo was convicted for a crime involving moral turpitude.

9

2702(a)(4)'s assault with a deadly weapon has long been regarded to involve moral turpitude. *See In re Medina,* 15 I & N Dec. 611, 612 (BIA 1976). Having found the elements typical to moral turpitude findings to be necessary elements of the statute's commission offenses, all the requisite conditions have been satisfied that trigger the AEDPA's and IIRIRA's judicial review bar.[7]

CONCLUSION

Because this Court lacks jurisdiction, the petition for review is DISMISSED.

---

[7]We note that in the future, such a lengthy inquiry into our jurisdiction will likely be unnecessary as the IIRIRA repeals 8 U.S.C. § 1105a, currently our source of judicial review, and replaces it with other judicial review provisions, one of which precludes review of decisions regarding the granting of relief under section 212(h) or under section 212(c), the two grounds of relief for which Pichardo applied. IIRIRA § 306(a)(2)(B) & (C). However, this provision, along with other restrictive provisions regarding judicial review of decisions regarding § 212(i) (fraud waiver), § 240A (cancellation of removal), § 240B (voluntary departure), and § 245 applications for adjustment of status, is not effective for purposes of this case. *See* IIRIRA § 306(c) (explaining effective date).