# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3345

_____

| | | |
|---|---|---|
| Carlos Lopez-Mendez, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an |
| | * | Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service |
| Service, | * | |
| | * | [UNPUBLISHED] |
| Respondent, | * | |

_____

Submitted: May 24, 1999
Filed: June 30, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Carlos Lopez-Mendez filed this petition for review of a Board of Immigration Appeals (BIA) deportation order. For the reasons discussed below, we deny the petition.

Lopez-Mendez, a native of Mexico, was admitted to the United States in March 1994. In March 1996, the Immigration and Naturalization Service (INS) issued him an order to show cause why he should not be deported pursuant to 8 U.S.C. § 1227(a)(2)(A)(i) (concerning crimes of moral turpitude), on the basis of his 1995

Nebraska conviction for attempted second degree assault. An immigration judge ordered Lopez-Mendez deported, and the BIA rejected Lopez-Mendez's appeal from the deportation order.

In reviewing the BIA's interpretation of its statutory mandate to deport aliens convicted of crimes involving moral turpitude, we accord deference to the BIA's determination that a crime involves moral turpitude and will uphold such a determination if it is reasonable. See Franklin v. INS, 72 F.3d 571, 572 (8th Cir. 1995), cert. denied, 519 U.S. 834 (1996). We conclude the BIA's determination is reasonable, because the Nebraska assault statute contains an aggravating factor-- namely, causing bodily injury with a dangerous instrument. See Neb. Rev. Stat. Ann. § 28-309 (Michie 1995) (offender commits second degree assault if he or she intentionally or knowingly causes bodily injury to another person with dangerous instrument, or recklessly causes serious bodily injury to another person with dangerous instrument); see also Pichardo v. INS, 104 F.3d 756, 759-60 (5th Cir. 1997) (examining Pennsylvania assault statute and concluding elements typically involved--i.e., bodily injury together with minimum mens rea of recklessness--result in findings of moral turpitude); Gonzales v. Barber, 207 F.2d 398, 400 (9th Cir. 1953) (assault with deadly weapon is crime involving moral turpitude), aff'd, 347 U.S. 637 (1954); In re Medina, 15 I. & N. Dec. 611, 614 (B.I.A. 1976) (aggravated assault by use of deadly weapon, constituting criminally reckless conduct under Illinois statutes, is crime involving moral turpitude).

Accordingly, Lopez-Mendez's petition for review is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.