**Luis Antonio SERRANO–CASTILLO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75521.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2007 *.

Filed Jan. 16, 2008.

Marc A. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Marion E. Guyton, Esq. U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON **, Senior District Judge.

---

* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States Senior District Judge for the District of Alaska, sitting by designation.

## MEMORANDUM ***

As both parties recognize, the critical issue in this case is whether Serrano–Castillo's 1993 conviction for violating California Vehicle Code § 20002 was a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i). The parties do not dispute that Serrano–Castillo committed one crime involving moral turpitude, namely, his violation of Cal.Penal Code § 472 (forgery or counterfeiting of an official seal). The parties also do not dispute that this forgery violation qualifies as a "petty offense" under 8 U.S.C. § 1182(a)(2)(A)(ii) because the maximum penalty under § 472 is one year in prison and Serrano–Castillo's sentence was only sixteen days in jail. Therefore, under the "petty offense" exception, Serrano–Castillo is eligible for cancellation of removal if and only if he did not commit a second crime involving moral turpitude.[1] Thus, the principal question is whether Serrano–Castillo's conviction for violating Cal. Vehicle Code § 20002 qualifies as a crime involving moral turpitude. To answer this question we apply the analysis set out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

In *Cerezo v. Mukasey*, 512 F.3d 1163 (9th Cir.2008), we held that violations of Cal. Vehicle Code § 20001(a) do not categorically involve moral turpitude. Like § 20001(a), § 20002 specifically and by its own terms criminalizes conduct which is not vile, base, or depraved. *See Quintero–Salazar v. Keisler*, 506 F.3d 688, 693 (9th Cir.2007). For instance, § 20002(a)(2) would punish a driver who, after hitting a parked car, leaves his name and address in a conspicuous place on the parked vehicle but fails to report the incident to the local police department. Put simply, the rationale for our holding in *Cerezo* applies with equal force to § 20002. Violations of Cal. Vehicle Code § 20002 do not categorically involve moral turpitude.

All that can be discerned from Serrano–Castillo's record of conviction is that he was convicted of violating § 20002. Therefore, the modified categorical approach does not alter our analysis. *See Quintero–Salazar*, 506 F.3d at 694.

**PETITION GRANTED**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Serrano–Castillo was also convicted of driving under the influence, in violation of California Vehicle Code § 23152(a). The government does not argue that this was a crime involving moral turpitude. *See In re Lopez–Meza*, 22 I. & N. Dec. 1188, 1194 (BIA 1999) (concluding that simple DUI is not a crime involving moral turpitude).