# Matter of Julio Cesar AHORTALEJO-GUZMAN, Respondent

*Decided April 19, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Evidence outside of an alien's record of conviction may properly be considered in determining whether the alien has been convicted of a crime involving moral turpitude only where the conviction record itself does not conclusively demonstrate whether the alien was convicted of engaging in conduct that constitutes a crime involving moral turpitude. *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008), followed.

FOR RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Lauren A. Henault, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated March 22, 2010, an Immigration Judge found the respondent removable on his own admissions under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien who is present in the United States without being admitted or paroled. The Immigration Judge also found that the respondent was ineligible for cancellation of removal under section 240A(b) of the Act, 8 U.S.C. § 1229b(b) (2006), and denied him the privilege of voluntary departure. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico. He arrived in the United States on or about August 15, 1995, without being admitted or paroled.[1] On September 7, 1999, the respondent was convicted of assault in El Paso, Texas, based on his guilty plea to the crime.

---

[1] After conceding that he entered the United States on August 15, 1995, the respondent later testified that he actually entered in 1987.

On June 3, 2009, the Department of Homeland Security ("DHS") filed a Notice to Appear (Form I-862), charging the respondent with removability based on his unlawful presence in the United States. At removal proceedings, the respondent conceded that he is removable and applied for cancellation of removal for nonpermanent residents. The Immigration Judge found that the respondent's assault offense involved domestic violence and was therefore a crime involving moral turpitude. Consequently, the Immigration Judge concluded that the respondent was ineligible for cancellation of removal because his conviction was for an offense included in section 240A(b)(1)(C) of the Act.

## II. ISSUE

The issue on appeal is whether the Immigration Judge properly ruled that the respondent's assault conviction was for a crime involving moral turpitude. The respondent argues that he was not convicted of assault involving family violence but was, instead, convicted only of simple assault, which is not a crime involving moral turpitude. The answer to this question requires us to address an aspect of the Attorney General's decision in *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008).

## III. ANALYSIS

Section 240A(b)(1)(C) of the Act provides that an alien may be eligible for cancellation of removal if he or she "has not been convicted of an offense under section 212(a)(2) [or] 237(a)(2)." A conviction for a crime involving moral turpitude may be included in either section 212(a)(2)(A)(i)(I) or section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006).

The general parameters for determining whether an assault offense is a crime involving moral turpitude are discussed in *Pichardo v. INS*, 104 F.3d 756, 759-60 (5th Cir. 1997), *Matter of Sanudo*, 23 I&N Dec. 968, 970-73 (BIA 2006), and *Matter of Perez-Contreras*, 20 I&N Dec. 615, 617-19 (BIA 1992). Simple assault or battery is generally not considered to involve moral turpitude for purposes of the immigration laws. *See Matter of Fualaau*, 21 I&N Dec. 475, 477 (BIA 1996); *Matter of Short*, 20 I&N Dec. 136, 139 (BIA 1989). This general rule does not apply, however, where an assault or battery necessarily involves some aggravating factor that indicates the perpetrator's moral depravity, such as the use of a deadly weapon or the infliction of serious injury on a person whom society views as deserving of special protection, such as children, domestic partners, or peace officers. *See Garcia v. Att'y Gen. of the U.S.*, 329 F.3d 1217, 1222 (11th Cir. 2003); *Pichardo v. INS*, 104 F.3d at 760; *Grageda v. U.S. INS*, 12 F.3d 919, 921-22 (9th Cir. 1993);

*Matter of Sanudo*, 23 I&N Dec. at 970-72; *Matter of Tran*, 21 I&N Dec. 291, 294 (BIA 1996); *Matter of Danesh*, 19 I&N Dec. 669, 673 (BIA 1988); *Matter of Medina*, 15 I&N Dec. 611, 612 (BIA 1976).

To support its assertion that the respondent's assault conviction was for a crime involving moral turpitude, the DHS entered a number of documents into the record, including the police department report, the complaint, the information, and the judgment and sentence. The Immigration Judge based his conclusion that the offense was a crime involving moral turpitude on the police department report, which indicated that the respondent was charged with assault pursuant to section 22.01 of the Texas Penal Code and that the victim of the assault was the respondent's common law wife. The respondent also testified at his hearing that the victim was his common law wife. We observe, however, that these sources were not part of the record of conviction, which was silent as to the relationship of the victim to the respondent. *See Matter of Teixeira*, 21 I&N Dec. 316 (BIA 1996) (stating that a police report is not part of the record of conviction and that while it may be considered in exercising discretion with regard to an application for relief, it may not be used to establish the elements of the offense of which the alien was convicted for purposes of determining deportability).

In *Matter of Silva-Trevino*, 24 I&N Dec. at 696-704, the Attorney General established a new methodology for making determinations regarding crimes involving moral turpitude. That methodology, which departed from the categorical approach that previously governed such determinations, included an opportunity for Immigration Judges to consult sources outside the record of conviction in some situations. Specifically, the Attorney General stated, "In my view, when the record of conviction fails to show whether the alien was convicted of a crime involving moral turpitude, immigration judges should be permitted to consider evidence beyond that record if doing so is necessary and appropriate to ensure application of the Act's moral turpitude provisions." *Id.* at 699.[2]

In this case, the Immigration Judge appeared to conclude that *Matter of Silva-Trevino* allowed him to consider evidence outside of the record of conviction as determinative in showing that the victim was the respondent's common law spouse. Based on this evidence, the Immigration Judge found that the respondent's assault conviction was one involving domestic violence

---

[2] To date, the two circuits that have ruled on the Attorney General's methodology have reached conflicting conclusions. *Compare Jean-Louis v. Att'y Gen. of the U.S.*, 582 F.3d 462, 469-84 (3d Cir. 2009) (declining to give deference to *Silva-Trevino*), *with Mata-Guerrero v. Holder*, 627 F.3d 256, 260-61 (7th Cir. 2010) (deferring to the Attorney General's methodology in *Silva-Trevino*).

and therefore that his offense was a crime involving moral turpitude. We consider this question of law de novo, and on this record, we disagree with the Immigration Judge. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2010).

The police report does reflect that the respondent was charged with assault involving family violence. However, none of the respondent's conviction documents indicates that he was *convicted* of a family violence assault. Both the complaint and the information indicate only that the offense was an assault. Moreover, the judgment and sentence specifically states, "The Court finds that this offense did not involve family violence." Given this finding by the trial judge, we must determine whether under *Matter of Silva-Trevino*, the Immigration Judge was permitted to examine evidence outside of the record of conviction to reach a contrary conclusion. We hold that he was not.

Under *Matter of Silva-Trevino*, the Attorney General adopted a hierarchical or sequential approach to the consideration of evidence in determining whether an alien has been convicted of a crime involving moral turpitude. *See Matter of Silva-Trevino*, 24 I&N Dec. at 704. Specifically, the Attorney General stated,

> In short, . . . adjudicators should: (1) look first to the statute of conviction under the categorical inquiry . . . ; (2) if the categorical inquiry does not resolve the question, look to the alien's record of conviction . . . ; and (3) if the record of conviction does not resolve the inquiry, consider any additional evidence the adjudicator determines is necessary or appropriate to resolve accurately the moral turpitude question.

*Id.*

The Attorney General recognized that a hierarchical approach to evidence not only assures administrative efficiency but also prevents Immigration Judges from engaging in a retrial of the alien's prior crime. *Id.* at 703. In addition, although it is not mentioned in the Attorney General's decision, the hierarchical approach serves the important function of recognizing and preserving the results of a plea bargain, where the parties, with the consent of a trial judge, agree to allow the defendant to plead to a less serious crime. By recognizing that the evaluation of a crime involving moral turpitude is not an invitation to relitigate a conviction, *Matter of Silva-Trevino* indicates that it does not intend to allow Immigration Judges to undermine plea agreements by going behind a conviction to use sources outside the record of conviction to determine that an alien was convicted of a more serious turpitudinous offense.

The interpretation of *Matter of Silva-Trevino* that the Immigration Judge appears to have utilized is contrary to the Attorney General's hierarchical approach. It would allow Immigration Judges to leapfrog over the second step of the analysis to rely on sources outside the record of conviction, even though the record of conviction evidence fully resolves the issue. Where the record of conviction conclusively shows that a conviction does not involve family

violence, the fact that other evidence outside of the record of conviction may indicate that the victim was part of the offender's family does not establish that the offender was *convicted* on that basis (i.e., that such fact was found beyond a reasonable doubt for purposes of the guilty plea), which is required for a finding of ineligibility for cancellation of removal under section 240A(b)(1)(C) of the Act.  Therefore, the third stage analysis outlined in *Matter of Silva-Trevino* is properly applied only where the record of conviction does not itself resolve the issue, that is, where the record does not conclusively demonstrate whether an alien was convicted of engaging in conduct that constitutes a crime involving moral turpitude.

We conclude that the respondent has met his burden to show that he has not been convicted of a crime involving moral turpitude.  The Immigration Judge erred in finding that the respondent is statutorily ineligible for cancellation of removal as an alien who has been convicted of an offense included in section 240A(b)(1)(C) of the Act.  Accordingly, we will sustain the respondent's appeal and remand the record for further consideration of his application for cancellation of removal.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with this order and for the entry of a new decision.