# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2014

No. 11-60074

Lyle W. Cayce
Clerk

ELIBALDO RAMIREZ REVOLORIO, also known as Elibaldo Revolorio Ramirez,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 630 097

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Elibaldo Ramirez Revolorio petitions this Court for review of a Board of Immigration Appeals ("BIA") removal order. The BIA found Revolorio removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude within five years of admission; and also independently removable under INA § 237(a)(2)(A)(ii), as an alien convicted of two or more crimes involving moral turpitude. *See* 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60074

§§ 1227(a)(2)(A)(I) & 1227(a)(2)(A)(ii).  The only question before us is whether Revolorio's two convictions of assault, TEXAS PENAL CODE § 22.01, were properly classified as crimes involving moral turpitude.  Revolorio pled guilty to, and was convicted of, assault on three separate occasions.  Revolorio was convicted first on January 8, 1991; again on November 10, 1998 (later vacated); and again on November 11, 1998.  Because the BIA did not reach the November 11, 1998, conviction, we do not consider it here.  *Sajan v. Mukasey*, 257 F. App'x 736, 740 (5th Cir. 2007).

The INA affords this Court jurisdiction to review orders of removal.  8 U.S.C. § 1252(b).  We review *de novo* the classification of a conviction as a crime of moral turpitude, while affording "substantial deference" to the BIA's definition of moral turpitude.  *Hyder v. Keisler*, 506 F.3d 388, 390 (5th Cir. 2007).  We have long held that, in making this determination, judges must employ a modified categorical approach, considering only "the inherent nature of the crime, as defined in the statute," or, in the case of divisible statutes, "the alien's record of conviction."  *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006) (internal quotation marks and citations omitted); *U.S. ex rel. McKenzie v. Savoretti*, 200 F.2d 546, 548 (1952).  This record is limited to "the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented."  *United States v. Murillo-Lopez*, 444 F.3d 337, 340 (5th Cir. 2006) (quoting *Shepard v. United States*, 544 U.S. 13 (2005)) (other citations omitted).  We do not permit extrinsic examination of the "circumstances surrounding the particular transgression." *Amouzadeh*, 467 F.3d at 455.

Simple assault or battery does not generally involve moral turpitude unless there is some aggravating factor indicative of moral depravity.  *See Pichardo v. INS*, 104 F.3d 756, 759–60 (5th Cir. 1997); *Matter of Fualaau*, 21 I. & N. Dec. 475, 477 (B.I.A. 1996); *Matter of Short*, 20 I. & N. Dec. 136, 139

No. 11-60074

(B.I.A. 1989). This requisite element is satisfied where the offense involves the infliction of serious injury upon a person deserving special protection, such as a family member or a peace officer. *See Garcia v. Attorney Gen. of the United States*, 329 F.3d 1217, 1222 (11th Cir. 2003); *Pichardo*, 104 F.3d at 760; *Matter of Sanudo*, 23 I. & N. Dec. 963, 970–72 (B.I.A. 2006).

Here, in classifying Revolorio's two prior offenses, the immigration judge looked beyond the conviction records to find evidence of the requisite aggravating factor. Specifically, a police report stated that the victim of the 1991 assault was a peace officer, and a probable-cause affidavit indicated that the victim of the November 10, 1998, assault was a former domestic partner. The immigration judge and the BIA conceded that these documents are not part of the record of conviction, but noted that the documents are permissible under the analytical framework established by the Attorney General in *Matter of Silva-Trevino*, 24 I. & N. Dec. 687 (A.G. 2008). We recently held that the *Silva-Trevino* approach—insofar as it permits extrinsic examination of documents outside the record of conviction—is inconsistent with the unambiguous language of the INA. *See generally Silva-Trevino v. Holder*, No. 11-60464, --- F.3d ---- (5th Cir. 2013). As a consequence, that approach has not displaced our precedent, which does not permit an examination of the police report or affidavit used to classify Revolorio's offenses. *United States v. Murillo-Lopez*, 444 F.3d 337, 340 (5th Cir. 2006).[1]

Accordingly, we GRANT Revolorio's petition, VACATE the decision of the Board of Immigration Appeals, and REMAND for further proceedings.

---

[1] Revolorio also argues that, because the November, 10th, 1998, conviction was vacated, it cannot be used as a basis for removal. At oral argument, however, the Attorney General stated that it no longer asserts that conviction as any ground for removal. Because we find error in the method used to classify the offenses as crimes involving moral turpitude, and because the Attorney General no longer asserts the November, 10th, 1998, offense as a basis for removal, we need not address Revolorio's argument.